NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOWELL ROBINSON, Jr., Master Sergeant USMC, Retired, | No. 22-16814 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00867-DGC |
| v. | MEMORANDUM* |
| GREENVILLE CHRYSLER DODGE JEEP & RAM; CHRYSLER CAPITAL, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted August 15, 2023**

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Lowell Robinson, Jr. appeals pro se from the district court's judgment

dismissing his action alleging violations of the Americans with Disabilities Act

("ADA") and 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo a dismissal under Fed. R. Civ. P. 12(b)(1), (2). *Meland v. WEBER,* 2 F.4th 838, 843 (9th Cir. 2021) (standing under Rule 12(b)(1)); *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017) (personal jurisdiction under Rule 12(b)(2)). We affirm.

The district court properly dismissed Robinson's claims against Greenville Chrysler Dodge Jeep & Ram for lack of personal jurisdiction because Robinson did not allege facts sufficient to establish that this defendant had sufficient contacts with Arizona to provide the court either with general or specific personal jurisdiction. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020-25 (9th Cir. 2017) (discussing requirements for general and specific personal jurisdiction).

The district court properly dismissed Robinson's claims against Santander Consumer USA Inc. d/b/a Chrysler Capital for lack of standing because Robinson failed to establish that he was his brother's personal representative or otherwise entitled to bring a claim on his brother's behalf. See Ariz. Rev. Stat. § 14-3110 (Arizona survival statute limiting right to assert surviving actions to decedent's personal representative); *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1053-57 (9th Cir. 2018) (explaining that state survivorship law applies to § 1983 claims, and declining to interpret federal common law to allow an individual without a "legal relationship to the decedent" to bring a surviving ADA claim).

22-16814

The Clerk will maintain Docket Entry No. 5 under seal.

**AFFIRMED.**